This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41056

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**VANESSA RIVERA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Jared G. Kallunki, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence, convicting her of driving while intoxicated (DWI) (impaired to the slightest degree), and aggravated fleeing from a law enforcement officer. Unpersuaded by Defendant's docketing statement, we issued a calendar notice proposing to summarily affirm. Defendant filed a combined memorandum in opposition and motion to amend the docketing statement to add a challenge to the parole term of her sentence. We issued a second calendar

notice, granting the motion to amend and proposing to vacate Defendant's parole term, remand for resentencing, and again proposed to affirm Defendant's convictions. Defendant has filed a second memorandum in response to our notice, continuing to oppose affirmance and support reversal of her sentence. The State has filed a notice of intent, informing this Court that it will not be filing a memorandum in opposition to our second notice. *See Frick v. Veazey*, 1993-NMCA-119, ¶ 2, 116 N.M. 246, 861 P.2d 287 ("Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice.").

**{2}**     Defendant's second memorandum in opposition does not set forth any new factual or legal argument that persuades us our proposed affirmance of Defendant's convictions was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement."), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Therefore, for the reasons set forth in our first and second notices, we hold that sufficient evidence supports Defendant's convictions for aggravated fleeing from a police officer and DWI.

**{3}**     We also remain persuaded that the district court erred by sentencing Defendant to a period of parole because Defendant was sentenced to serve time in jail, rather than in prison, and pursuant to NMSA 1978, Section 31-21-10(D) (2009, amended 2023), "only prison sentences, not jail sentences, can have a parole requirement." *State v. Brown*, 1999-NMSC-004, ¶ 12, 126 N.M. 642, 974 P.2d 136 (explaining that because the trial court "sentenced [the defendant] to jail and not to prison, parole was not authorized," reasoning that Section 31-21-10(D) discusses "parole only in relation to prison and not to jail"); *see also* § 31-21-10(D) (stating, in relevant part, "an inmate who was convicted of a first, second or third degree felony and who has served the sentence of imprisonment imposed by the court in an institution designated by the corrections department shall be required to undergo a two-year period of parole").

**{4}**     For the reasons provided above, we affirm Defendant's convictions. However, because parole was not authorized in the current case, we vacate Defendant's parole term, and remand for resentencing.

**{5}     IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**